UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BOBBY GENE FILLERS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:19-CV-42-TAV-MCLC ) |
| GCDC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the Court is this pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1]. For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.  SCREENING REQUIREMENT**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ANALYSIS

In his complaint, plaintiff states as follows:

> There was water on the floor in November 2018. I was on my way to shower when I fell and broke my upper feemer [sic].

[Doc. 2 p. 3]. Plaintiff provides no further detail or information about the incident.

At the outset, the only defendant named by plaintiff is a non-suable entity. The Greene County "Jail" Detention Center is a building and not a "person" who can be sued

under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility,* 1997 WL 225647, at * 1 (6th Cir. May 1, 1997) (jail is not a suable entity); *see also Shoemaker v. Greene County "Jail" Detention Center*, No. 2:07-CV-124, 2007 WL 2159295, at *1 (E.D. Tenn. July 26, 2007) ("The Greene County 'Jail' Detention Center is a building and not a 'person' who can be sued under § 1983.").

However, even if plaintiff named a suable entity, this action would not proceed to service because plaintiff failed to set forth sufficient facts to state a constitutional claim.

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

As previously stated, pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit pro se litigants to proceed on pleadings that are not readily comprehensible because, for instance, they are vague and conclusory. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a pro se complaint containing "vague and conclusory allegations unsupported by material facts"). Here, plaintiff's vague allegation—which consists merely of a two-sentence description of an incident, with no further commentary—fails to state any constitutional violation, even in light of the more lenient standard afforded to pro se litigants. Thus, this allegation is insufficient to state a § 1983 claim.

### III.  CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES** that any appeal from this

4

action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

<u>s/ Thomas A. Varlan</u>
UNITED STATES DISTRICT JUDGE